SILER, Circuit Judge, dissenting: I respectfuljy dissent for the reasons stated herein. When this case was argued, attorneys for the parties admitted that there was no controlling case either from the Supreme Court or from this court. I am most impressed by the position of the amicus, the United States of America, in interpreting the statute, the False Claims Act (FCA), 31 U.S.C. § 3729 et seq., and in particular the “government-action rule” described in § 3730(e)(3). As the majority opinion recites, the language from that statute precludes “a person [from bringing] an action under [the FCA] which is based upon allegations or transactions which are the subject of a civil suit or an administrative civil money penalty proceeding in which the Government is already a party.” In this case, the Sant claim against Bio-tronik was settled and the district court dismissed the case with prejudice as to the United States with respect to the covered conduct described in the settlement agreement, but otherwise without prejudice with respect to the United States. A few months after the United States had settled the Sant case and after Bennett had voluntarily dismissed his first qui tam action, Bennett filed the present action for “uncovered conduct,” including the alleged sham clinical studies, but not including conduct in the settlement with the United States. As the United States suggests, when it intervenes in a qui tam case on only some, but not all, of the claims in a case, it may choose to settle certain claims and not settle others, allowing the court to dismiss the case without prejudice to the government on the declined claims, Thus, it is possible that the government could later pursue the declined claims if further investigation suggests that action. The district court and the majority in this case suggest that because the word “pending” does not appear in § 3730(e)(3), as it does in § 3730(b)(5), t]ien even after the case has been dismissed, the United States would continue to be a party. However, I believe that when § 3730(e)(3) suggests that no person may “bring an action under subsection (b) which is based upon allegations or transactions which are the subject of a civil suit or an administrative civil money penalty proceeding in which the Government is already a party” (emphasis added), the statute refers to the present tense. Although the majority feels that the government is always a party in the case, even after the action has been dismissed, I do-not think that it is a party in the full sense of the word; Admittedly, the government may bring a motion post judgment under Federal Rule of Civil Procedure 60 and other similar rules, but the case is over except for certain motions which may be made under Rule 60 or otherwise! When the False Claims Act was amended in 1986, Congress sought to discourage parasitic actions and to “walk a fine line between encouraging whistle blowing end discouraging opportunistic behavior.” United States ex rel. Springfield Terminal Ry. Co. v. Quinn, 14 F.3d 645, 651 (D.C. City 1994). With that objective, courts “should proceed .with caution before applying the. statutory bar of § 3730(e)(3) in ambiguous circumstances.” United States ex. rel. S. Prawer & Co. v. Fleet Bank of Maine, 24 F.3d 320, 328 (1st Cir. 1994). The government’s position is that .there is no reason to read the government-action bar to preclude a relator who is an original source, not parasitic, from proceeding on claims that were not resolved before, the government was dismissed as a party. There are other possible procedures which might preclude recovery by Bennett against Biotronik in the district court. In its motion to dismiss the complaint, Biotro-nik raised several other issues, including preclusion, which the district court could consider if this matter is remanded. Under' that principle, Bennett cannot reassert claims that were settled in Sant’s qui tam suit or already settled by the government. The United States suggests that the interpretation of § 3730(e)(3) by the district court would tend to discourage relators from bringing forward evidence of fraud after the government has settled a case, because the relator may realize that the government was not aware of certain frauds until the settlement agreement was made public. I agree. In sum, I would find that the district court’s interpretation of § 3730(e)(3) was erroneous, and remand the matter to the district court for further proceedings, including the other grounds to dismiss previously raised by Biotronik but not the subject of this appeal.